UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Greg Tromp, <br><br> Plaintiff, <br> v. <br><br> Monarch Recovery Management, Inc., <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), and the Michigan Occupational Code, M.C.L. §339.901 *et seq.* ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Greg Tromp, is a natural person who resides in the County of Kent, State of Michigan. He is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a), and a "consumer" and "debtor" as those terms are defined by M.C.L. §§ 339.901(f) and 445.251(d).

5. Plaintiff is "person" as defined by 47 U.S.C. § 153(39),

6. Monarch Recovery Management, Inc., (hereinafter "Defendant" and/or "MRM") is a Pennsylvania company, operating in Richardson, Texas, with a domestic registered agent in Bingham Farms, Michigan.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as that term is defined by M.C.L. § 445.251(b).

9. Defendant and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

10. At all times relevant to this complaint, the Defendant was and is a "person" as defined by 47 U.S.C. § 153(39).

11. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

12. The Defendant at all times relevant to the complaint herein engaged in "telecommunications" defined at 47 U.S.C. § 153(50).

13. The Defendant at all times relevant to the complaint herein engaged in "interstate communications" at 47 U.S.C. § 153(28).

14. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined at 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

15. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## FACTUAL ALLEGATIONS

16. Several years ago, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes ("the debt"), namely an obligation to Premier Bankcard, LLC.

17. Sometime thereafter, Plaintiff defaulted on his obligation, and the account was assigned, sold, or otherwise transferred to Defendant MRM for collection.

18. On or about July 9, 2014, Defendant contacted Plaintiff by telephone, but when Plaintiff answered, the phone there was only dead air, no voices, no music, and no sounds.

19. On or about July 27, 2014, Defendant contacted Plaintiff by telephone, but when Plaintiff answered, the phone there was only dead air.

20. On or about August 13, 2014, Defendant contacted Plaintiff by telephone in an attempt to collect on the debt.  Defendant refused to give the full account number.  During the phone call, Defendant was informed that Plaintiff had legal counsel with respect to the debt, and was given counsel's name and phone number.

21. On or about August 18, 2014 Defendant's representative, who identified herself as Sharpay, contacted Plaintiff in an attempt to collect the debt.  Defendant was again that Plaintiff had an attorney with respect to the debt, and that Defendant needed to call Plaintiff's attorney.

22. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions using an automatic telephone dialing system.

23. These repeated collection calls were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(2), 1692d, 1692d(5), and 1692f; the TCPA; the MCPA, including but not limited to M.C.L. § 445.252(f), (h), (n), and (q), amongst others; and the MOC, including but not limited to M.C.L. § 339.915(f), (h), (n), and (q).

24. As a direct, actual, and proximate result of the acts and omissions of Defendant MRM, Plaintiff has suffered actual damages in the form of anger, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

25. This series of illegal collection calls by Defendant MRM pushed Plaintiff to consider bankruptcy as a way to stop the unremitting collection activity.

26. This series of abusive collection calls by Defendant caused Plaintiff to lose time, focus, concentration, persistence, and productivity in the workplace.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

30. Defendant violated 15 U.S.C. § 1692c(a)(2) each time it called the Plaintiff's telephone after it had knowledge of attorney representation.

31. Defendant violated 15 U.S.C. § 1692d each time it called the Plaintiff after it had knowledge of attorney representation, the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

32. Defendant violated 15 U.S.C. § 1692d each time it called the Plaintiff but only transmitted dead air or otherwise failed to connect the call to

a representative, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

33. Defendant violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

34. Defendant violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

35. Defendant violated 15 U.S.C. § 1692d(5) each time it called the Plaintiff but only transmitted dead air or otherwise failed to connect the call to a representative, as detailed in this Complaint, causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

36. Each phone call by the Defendant after it had knowledge of attorney representation, is a violation 15 U.S.C. § 1692f, as it was an unfair or unconscionable means to attempt to collect a debt.

37. Each violation of the MCPA by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f, as it was an unfair or unconscionable means to attempt to collect a debt.

38. Each violation of the TCPA by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f, as it was an unfair or unconscionable means to attempt to collect a debt.

39. Each violation of the MOC by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f.

40. Defendant's conduct, as a whole, violated 15 U.S.C. § 1692f because its actions were unfair or unconscionable means to attempt to collect a debt.

41. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT II.
### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Within the four year period immediately preceding this action, the Defendant made numerous calls, which include, but are not limited to the dates and times previously referenced in this Complaint, to the

      Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

44. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

45. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

46. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

47. Defendant made such calls willfully.

48. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

49. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT III.
## VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L § 445.251 *et seq.*

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

53. Defendant violated M.C.L. § 445.252(f) by misrepresenting the legal rights of the debtor each time it contacted Plaintiff after knowing that Plaintiff was represented by counsel.

54. Defendant violated M.C.L. § 445.252(h) each time it communicated with the Plaintiff after it knew of Plaintiff's legal representation.

55. Defendant violated M.C.L. § 445.252(n) by using a harassing method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

56. Defendant violated M.C.L. § 445.252(n) by using an oppressive method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

57. Defendant violated M.C.L. § 445.252(n) by using an abusive method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

58. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

59. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

### COUNT IV.
### VIOLATIONS OF THE
### MICHIGAN OCCUPATIONAL CODE
### M.C.L. § 339.901 *et seq*.

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including,

but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

62. Defendant violated M.C.L. § 303.915(f) by misrepresenting the legal rights of the debtor each time it contacted Plaintiff after knowing that Plaintiff was represented by counsel.

63. Defendant violated M.C.L. § 303.915(h) each time it communicated with the Plaintiff after it knew of Plaintiff's legal representation.

64. Defendant violated M.C.L. § 303.915(n) by using a harassing method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

65. Defendant violated M.C.L. § 303.915(n) by using an oppressive method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

66. Defendant violated M.C.L. § 303.915(n) by using an abusive method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

67. Defendant violated M.C.L. § 303.915(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

68. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. §

339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

### COUNT II.
### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

### COUNT III.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

### COUNT IV.
### VIOLATIONS OF THE
### MICHIGAN OCCUPATIONAL CODE
### M.C.L. § 339.901 *et seq*.

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: January 9, 2015

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com